This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Richard Allen Edwards ("Edwards"), appeals from the decision of the Lorain County Court of Common Pleas, which, on December 19, 2001, adjudicated him a sexual predator. We affirm.
 I.
{¶ 2} On June 24, 1993, Edwards was convicted of one count of felonious sexual penetration, in violation of R.C. 2907.12(A)(1)(b), and two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(4). He was sentenced to a term of imprisonment for a minimum of seven years, with a maximum of twenty-five years.
{¶ 3} On December 19, 2001, Edwards was adjudicated a sexual predator pursuant to R.C. 2950.09. The court found him to be a sexual predator based on the following findings of fact derived from the evidence presented at the sexual predator hearing: (1) Edwards has a past criminal conviction of corruption of a 13 year old female minor; (2) at the time of the offense sub judice, Edwards was 22 years old and his two victims, both female, were 9 and 10 years old; (3) due to their young age, the victims were unable to effectively resist Edwards; (4) Edwards' behavior occurred over a period of time and on repeated occasions, demonstrating a pattern of abuse; (5) Edwards made threats to the victims and one victim's mother; (6) the last two victims were sexually assaulted after Edwards had served time in prison for the first offense and after he had received sexual offender counseling in prison. The court found by clear and convincing evidence that Edwards is a sexual predator and classified him as such.
{¶ 4} This appeal followed. Edwards offers one assignment of error.
 II. Assignment of Error {¶ 5} "THE EVIDENCE PRESENTED AT THE CLASSIFICATION HEARING WAS INSUFFICIENT TO FIND THAT APPELLANT IS A SEXUAL PREDATOR."
{¶ 6} Edwards argues that the state's evidence was inadequate to prove recidivism and therefore the state did not prove by clear and convincing evidence that he is likely to commit a sexually oriented offense in the future. We disagree.
{¶ 7} A sexual predator is defined as a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). "In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
{¶ 8} "(a) The offender's age;
 {¶ 9} "(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 10} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 {¶ 11} "(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 {¶ 12} "(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 13} "(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 {¶ 14} "(g) Any mental illness or mental disability of the offender;
 {¶ 15} "(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 16} "(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 {¶ 17} "(j) Any additional behavioral characteristics that contribute to the offender's conduct." R.C. 2950.09(B)(2).
{¶ 18} In order for a sexual offender to be labeled a sexual predator, the state must prove by clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to be a repeat sexual offender in the future. Statev. Eppinger (2001), 91 Ohio St.3d 158, 163. The standard of clear and convincing evidence requires a degree of proof that produces a firm belief or conviction as to the allegations sought to be established. Id. "On appeal, this court must review whether the evidence presented at the hearing, if believed, was sufficient to lead a reasonable trier of fact to conclude by clear and convincing evidence that the defendant is a sexual predator." State v. Royston (Dec. 15, 1999), 9th Dist. No. 19182, at 20, appeal not allowed (2000), 88 Ohio St.3d 1481.
{¶ 19} A review of the record shows that the state presented evidence of multiple juvenile victims and occasions, that Edwards had threatened one victim and the parent of another, and that Edwards had a past conviction for corruption of a minor where he was initially accused of raping a thirteen-year-old female. Therefore, we cannot say that the state did not meet its burden of clear and convincing evidence. The evidence presented at the hearing is adequate to produce a firm belief or conviction that Edwards is likely to commit one or more future sexually oriented offenses. Accordingly, Edwards' assignment of error is overruled.
 III.
{¶ 20} Edwards' sole assignment of error is overruled, and the judgment of the Lorain County Court of Common Pleas is affirmed.
SLABY, P.J., BATCHELDER, J. CONCUR.